FILED US District Court-UT
AUG 06 '26 AM 11:03

Jamey Hardiek
~~P.O. Box 388~~ 9 Hawthorne Ave #1
~~Vancouver, Washington 98666~~ Pocatello Id, 83204
Telephone: (971) 266-7850
Email: jmshrdk@yahoo.com

Plaintiff Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMEY HARDIEK, ) <br><br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF UTAH, by and through: ) <br> Utah Attorney General's Office, ) <br> an agency of the State of Utah, ) <br> ) <br> Defendant. ) <br> ) | Case: 2:26-cv-00726 <br> Assigned To : Bennett, Jared C. <br> Assign. Date : 08/06/2026 <br> Description: Hardiek v. State of Utah <br><br> (Federal Question; Diversity of <br> Citizenship; Amount in Controversy <br> Greater Than $75,000) |

### INTRODUCTION

1.    The Sixth and Fourteenth Amendments to the United States Constitution, as well Section 7 (right to due process), and Sections 3 and 21 (right to equal protection).

2.    Defendant State of Utah has a constitutional duty to operate a judicial system which abides by the Constitution of the United States and the Constitution and statutes of the State of Utah, for persons charged with and convicted of crimes.

3.    Pursuant to 42 U.S.C. § 1983, the Sixth and Fourteenth Amendments to the

**Page -1- COMPLAINT**

United States Constitution, and Sections 12, 7, 3, and 21of Article I of the Utah State Constitution, Plaintiff brings this action to ask this Court for declaratory relief to prevent ongoing and further violations and to protect the constitutional rights of Plaintiff.

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction because this matter arises under the Constitution and laws of the United States. See U.S. Const. amend. XIV; 28 U.S.C. § 1331; 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's related state-law claims. See 28 U.S.C. § 1367.

5. Venue in the District of Utah is appropriate because Defendant is present in, and subject to the personal jurisdiction of the District of Utah with respect to the claims raised in this complaint, 28 U.S.C. § 1391(b)(1) and (c)(2); and because the actions complained of herein occurred or had their nexus of origin in the District of Utah, 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff Jamey Hardiek is an individual person, a resident of the State of Washington, County of Clark.

7. Defendant State of Utah is a State of the United States of America, acting by and through the Utah Attorney General's Office, an agency of the State of Utah. In this position, Defendant State of Utah and the Utah Attorney General's Office was and is responsible for the conduct of its agents and employees, under the doctrine of *respondeat superior*.

## FACTS RELEVANT TO ALL CLAIMS

9. In 2000, Plaintiff was arrested in Utah County, Utah, and charged with two misdemeanor offenses: 1) Criminal Mischief; and 2) Theft, in Case No. 001400010 FS.

**Page -2- COMPLAINT**

10.     On or about November 19, 2001, Plaintiff came to trial in the Superior Court for the State of Utah, in and for the County of Utah. Plaintiff was represented at the trial by Christine Johnson, a licensed, Utah Bar attorney.

11.     At the conclusion of Plaintiff's case, after pleading guilty, he was assessed custodial time, as well as a judgment for fines and restitution.

12.     Plaintiff successfully completed his custodial time, and, acting upon instructions received from the Utah Board of Pardons, was relieved fom the necessity to pay back the totality of fines assessed against him at trial.

13.     After his release from legal obligations in Utah, Plaintiff moved from that state, eventually settling in the State of Washington.

14.     Plaintiff thereafter reasonably believed that he had no remaining legal or financial obligations to the State of Utah, until late 2024 - approximately two decades later - when he received a notification from a bank in which he held an account, that a Writ of Garnishment had been received from the State of Utah, initially alleging an obligation of $13,320.40.

15.     Upon contacting the State of Utah, Plaintiff was informed that, contrary to the release of all obligations which he had believed, Utah was alleging that there remained an unpaid balance, originally in the sum of $12,817.29, which had supposedly ballooned with interest of $20,136.55 to a claimed total of $38,233.42.

16.     Plaintiff further learned that the State Court Judge who had issued the Writ of Garnishment, was the same Christine Johnson, who had represented him at trial.

17.     Plaintiff, believing that his recollection was correct as to the actual amount of fines and restitution to which he had been responsible for, requested a copy of the trial court

**Page -3- COMPLAINT**

recording, only to be told that the recording had been "destroyed per the retention schedule".

### A. Plaintiff's First Claim for Relief:

### Excessive Fines and Penalties in Violation of the Eighth Amendment

18.     Plaintiff realleges and repleads the allegations set forth in Paragraphs 1 through 17 above, as though  said allegations were fully set forth below.

19.     Despite its claims, Defendant has been unable or unwilling to disclose with certainty what portion of the alleged original principal debt is attributable to fines, and what portion to restitution, however in response to Plaintiff's attempts to resolve and settle the alleged debt, Defendant has claimed that any settlement can not be entered into for any amount less than what is owed as restitution, notwithstanding its inability to identify which portion - if any - of the supposed debt represents actual restitution.

20.     The imposition of supposed fines and restitution, which are exceeded almost two-fold by added interest and penalties, have the result of turning what may have been argued to be a legitimate societal interest, into a de facto punishment, which far exceeds and eclipses legitimate authority and violates the due process protections set forth in the U.S. Constitution.

21.     Additionally, the imposition of such excessive interest and penalties, after two decades of inactivity and neglect, are grossly disproportionate to the original sentence imposed on Plaintiff, and accordingly, unconstitutional.

22.     These excessive fines and penalties violate Plaintiff's rights under the Eighth Amendment, which prohibits the government from imposing ruinous financial penalties, excessive bail, or cruel and unusual punishments. In accordance with the United States Supreme Court ruling in *Timbs v. Indiana*, 586 U.S. 146 (2019), this protection applies to state and local

Page -4- COMPLAINT

governments, not just federal, restricting civil forfeitures and punitive fines that are grossly disproportionate to the offense.

23.     To date, Defendant has seized a total of $3,265.44 from Plaintiff's bank account; Plaintiff has incurred an additional $20.00 in bank fees.

24.     Plaintiff is therefore entitled to Orders of this Court:

I)      Requiring Defendant to provide a full accounting of Plaintiff's alleged debt, separating fines, restitution, interest, penalties, and fees;

ii)     Ordering Defendant to cease and desist any accrual of further alleged interest, penalties, and/or fees;

iii)    Requiring Defendant to recalculate all sums allegedly owed by Plaintiff, in a manner consistent with applicable law;

iv)     Requiring Defendant to credit or refund the sum of $3,265.44 seized from Plaintiff's bank account, as well as the additional $20.00 in bank fees; all having been improperly and/or illegally seized from Plaintiff; and

v)      Requiring Defendant to preserve all related records.

25.     In the alternative, Plaintiff is entitled to Orders of this Court, declaring that the sums sought by Defendant are excessive and disproportionate, ordering that any remaining alleged balance be declared void and void ab initio, and returning or refunding the $3,265.44 seized from Plaintiff's bank account as well as the additional $20.00 in bank fees.

## B. Plaintiff's Second Claim for Relief:

## Negligent Infliction of Emotional Distress

26.     Plaintiff's Second Claim for Relief is alleged herein in addition to and not as an

**Page -5- COMPLAINT**

alternative to or in lieu of and without waiving the allegations of his First Claim for Relief. Plaintiff realleges and repleads the allegations set forth in Paragraphs 1 through 17 above, as though said allegations were fully set forth below.

27. The negligent actions and failures to act identified above made by Defendant could reasonably have been predicted to cause, extreme emotional distress and suffering to Plaintiff, to harm his ability to carry on his normal business and life activities, and in general, to disrupt Plaintiff's normal life to the greatest extent possible in virtually every aspect.

28. As a direct, proximate and foreseeable result of the actions of Defendant as described above, Plaintiff is entitled to a money award against Defendant, in the sum of $150,000, or such other reasonable sums as may be proven at trial, for Defendant's negligent infliction of emotional distress.

**C. Plaintiff's Third Claim for Relief:**

**Unjust Enrichment**

29. Plaintiff's Third Claim for Relief is alleged herein as in addition to and not as an alternative to or in lieu of and without waiving the allegations of his Second Claim for Relief, and as an alternative to and not in addition to or in lieu of his First Claim for Relief. Plaintiff realleges and repleads the allegations set forth in Paragraphs 1 through 17 above, as though said allegations were fully set forth below.

30. The use and benefit of the Funds seized from Plaintiff by Defendant, was to said Defendant's sole and exclusive financial benefit, and to Plaintiff's financial detriment. As a direct and proximate result of the wilful and intentional conduct of said Defendant, Plaintiff has suffered significant monetary damages.

**Page -6- COMPLAINT**

31. Plaintiff for his part has no other adequate remedy at law.

32. The use of the Funds seized from Plaintiff by Defendant, represented a financial benefit conferred upon the said Defendant by the Plaintiff, thus resulting in an unjust enrichment to the said Defendant to the financial detriment of the Plaintiff.

33. The Defendant accepted and retained the benefits conferred upon it by the use and benefit of the Funds seized from Plaintiff; under the circumstances described herein, it is inequitable that said Defendant should so benefit without repaying the reasonable value of such benefits.

34. Plaintiff is therefore entitled to recover from the Defendant a judgment and money award in the sum of $3,265.44, plus prejudgment interest at the statutory rate from the date of filing herein onward, under the common-law theory of unjust enrichment.

## Reasonable Attorney's Fees and Costs

35. 42 U.S.C. § 1988(b) allows "the prevailing party. a reasonable attorney's fee as part of the costs." in an action brought under 42 U.S.C. § 1983.

36. Plaintiff requests that the Court grant a reasonable attorney's fee in this action, if appropriate.

## Demand for Jury Trial

37. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**Page -7- COMPLAINT**

## PRAYER FOR RELIEF

Wherefore, Plaintiff Jamey Hardiek, appearing pro se herein, requests that this Court enter an Order granting the following relief:

1. Awarding Plaintiff judgment on his claims as set forth above; and

2. Awarding Plaintiff his fees and costs, including reasonable attorneys' fees as provided by 42 U.S.C. § 1988; and

3. Granting such other and further relief as the Court deems just and equitable

Dated: April 8/06/, 2026

*August 06 2026*

Jamey Hardiek, Plaintiff Pro Se
P.O. Box 388
Vancouver, Washington 98666
Telephone: (971) 266-7850
Email: jmshrdk@yahoo.com

**Page -8- COMPLAINT**